## GLIEMME v BALOG

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

Henderson, Wilson, Mason & Waller, for plaintiff in error.

John Ruffalo, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

It is claimed that the defendant was guilty of negligence in causing or permitting his automobile to strike the plaintiff as indicated. The plaintiff testified, in effect, that he desired to go to work at his employment at four o'clock, and starting from the club house at three o'clock it was necessary for him to go to his home before going to his place of work. He says, that after coming out of the club house he came to a stop upon the southerly curb of Wilson Avenue; that he looked to the left to determine whether automobiles were approaching from that direction, and in answer to the question "Did you see any machines coming," he answered, "I seen one back a distance," but did not say, as indicated by brief of defendant in error, that he· saw defendant's machine approaching at a safe distance.

The testimony of the plaintiff is somewhat vague as to the distance to the west of the car, which he says he saw approaching, and his testimony is not specific upon this proposition. After looking to the west, as indicated, he started to walk across the track. He says he did not see the defendant's car again until it struck him. Presumably, however, he became conscious of its immediate presence before he was struck. There were quite a number of people on the northerly side of the street awaiting passage on the street car which was approaching the stop. There is some reason to believe he did not desire delay in crossing for fear that he might not get this car.

A Mrs. Frederick testified for the plaintiff, who had just alighted from an east bound car and was standing upon the sidewalk. She saw and spoke to the plaintiff

and saw the car which developed to have been that of the defendant, approaching from the west. Inquired of concerning this automobile, she says, "It seemed very far because when we talked together I seen that car very far from Mr. Balog." She further says that it was coming fast. She testifies that the plaintiff stopped at the curb until one machine passed him, then he looked up and down and started across the street. She further testifies that the car approaching from the west, which it developed was the car of the defendant, was a considerable distance away when she saw it, and that she heard no horn blown.

The defendant and his father testified, the father saying that he saw the plaintiff leave the curb when the car was fifty or sixty feet away. It is claimed by the defendant and his father that the car was being operated at a speed of twenty-five or thirty miles an hour; that when the plaintiff was observed to be attempting to cross the street, the horn was blown and brakes applied. The result, however, was that there was insufficient time for the plaintiff to cross the street and reach a place of safety, and that the collision occurred in about the center of the street. The defendant and his father say that as they approached the point of the collision, endeavoring to avoid contact with the plaintiff, the car was deflected to the left, with the idea that by so doing it could pass in front of the plaintiff and avoid striking him.

It is not disputed but that the car had veered somewhat to the left and that the accident occurred on the devil strip, It was a clear day. The plaintiff saw this car approaching. He evidently misjudged its distance and its speed, or, in any event, thought he could cross the street ahead of the car. There is testimony to the effect that after he had started upon the street he increased his speed, evidently seeking to avoid the impending collision. It was the duty of plaintiff before attempting to cross this much traveled street to have looked to determine whether any automobiles were approaching, and whether he might reasonably presume that he could cross in safety. If he failed to look and such failure resulted in the accident, he was guilty of contributory negligence. If he did look and saw the car of the defendant where it presumably was, he was guilty of like negligence, because he did not have sufficient time to cross the street. The evidence, as before suggested, indicated haste somewhat, in view of the fact that the plaintiff was desirous of becoming a passenger on this car, and thus be able to reach his home and go from there to his work at the appointed time. Perhaps he succumbed to a not unusual impulse of pedestrians when about to cross a street, to hurry across instead of waiting the passage of approaching vehicles, and thus have assurance of greater safety in so doing.

The speed of the car and its distance, and the ordinary speed of a foot traveler crossing the street was such that it took the plaintiff and defendant about the same time to reach the point of collision, which was about half way across the street. There was some suggestion made in argument that the defendant's car was preceded at a distance of twenty-five to thirty feet by another car, for which the plaintiff paused and then started to cross in front of the defendant's car, and that the defendant and his father were not able to observe the attempted passage of the plaintiff by reason of this car intervening in their line of vision. However, the father of the defendant testifies to the effect that he saw the plaintiff from the time he left the curb.

It is urged that the defendant was guilty of negligence in not retarding the speed of his car sufficiently to permit the plaintiff to pass in front of it and then keeping to the right hand side of the street, where he could have passed the plaintiff and assured him of a safe passage across. The defendant was acting in an emergency. It would be difficult to gauge the place in the street at which the plaintiff might be when the car reached him. It was the impulse of the defendant that by veering to the left he could best avoid a collision, in attempting to pass in front of him.

It is claimed in behalf of the defendant that the horn was blown and brakes applied. Witnesses upon the other side deny hearing any horn. The defendant does not speak very definitely in regard to the manner in which he applied his brake. The defendant's automobile was not being operated at an unusual rate of speed. As before suggested or intimated, we think the evidence quite clearly establishes the contributory negligence of the plaintiff in attempting to cross a street when he saw, or ought to have seen, an automobile approaching in dangerous proximity.

It is urged that final judgment should be entered in this case in favor of the defendant. We do not feel justified in so doing. The conduct of the plaintiff was such as to justify its submission to the jury upon the question of his negligence, and we are not able to say that the defendant may not also have been guilty of some

negligence directly contributing to the accident.

The conclusion is reached that the verdict was contrary to the manifest weight of the evidence upon the proposition of contributory negligence, and the judgment of the Court of Common Pleas is reversed.

Judgment reversed.

LYNCH and SMITH, JJ.